[Civ. No. 16913.   Second Dist., Div. Three.   Nov. 3, 1949.]

FRED LOUIS BORCH et al., Respondents, v. CITY OF LOS ANGELES et al., Defendants; W. J. ESCHERICH et al., as members of City Board of Building and Safety Commissioners, etc., Appellants.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams, and Alan G. Campbell, Deputy City Attorneys, for Appellants.

Buron Fitts and A. Moresby White for Respondents.

VALLÉE, J.—Appeal from a judgment ordering that a writ of mandate issue directing the members of the Board of Building and Safety Commissioners of the City of Los Angeles, referred to as the "Board," to reinstate petitioners below, respondents here, as Examiners of Motion Picture Projectionists, in the employ of the city.

The petition for the writ alleges these facts. In January, 1934, after a civil service examination for the position of Examiner of Motion Picture Projectionists, respondents were duly certified as having passed the examination and as eligible for permanent appointment by the board. Thereafter the board appointed respondents as such examiners and they acted as such and as permanent employees in the classified civil service of the city and were paid their salaries each month from March, 1934, until January, 1948. About January 5, 1948, the board adopted the following resolution: "Whereas it is the adopted policy of this Board to cause all examining Boards under its jurisdiction to be composed of one representative of labor, one representative of management, one member of the Department of Building and Safety. And whereas it is necessary to reorganize the Examiners of Motion Picture Projectionists to conform to the adopted policy therefore be it resolved that the committee known as the Examiners of Motion Picture Projectionists be hereby dissolved effective January 6, 1948, and the members instructed to hold no more meetings, further pending reorganization of the committee examinations will be held by this Board with the Superintendent of Building delegated to conduct the required tests, and further that the Superintendent of Building prepare and submit rules and regulations for the conduct of the examinations." On January 6, 1948, each respondent received a notice from the board, purporting to discharge each of them from their employment, which reads as follows: "Pursuant to the action taken at the meeting of January 5, 1948, the Board of Building and Safety Commissioners have dissolved the committee known as the 'Examiners of Projectionists.' Future examinations are to be conducted by the Board of Building and Safety Commissioners as specified in Section 96.08 (L) of the Municipal

Code. This action is to be effective January 6, 1948. This will serve as a notice to the members of the above committee that there will be no more meetings of said committee.'' No copy of this notice was filed with the civil service commission. On January 12, 1948, the board adopted the following resolution: ''Report was received and filed from the examiners of Motion Picture Projectionists, File 2267-117, regarding meeting held January 12, 1948, finding that a Board consisting of Electrical Inspectors had been instructed to conduct the examinations for motion picture projectionists.'' On January 15, 1948, the board adopted the following resolution: ''Report was received and filed from the Chief of Mechanical Bureau with revised rules and regulations for the examinations of motion picture projectionists, these were adopted and previous rules and regulations were cancelled.'' Respondents were not served with a written notice of charges against them, and the board did not at any time file with the civil service commission a written statement of any charges ''or of reasons for any discharge or removal or suspension or lay-off, or abolition of office concerning the petitioners.'' Thereafter the board wrongfully refused to employ respondents or to utilize their services as such examiners or to pay them their salary, and wrongfully terminated their employment. Respondents are ready, willing and able to perform all of the services of the position. On January 12, 1948, the board appointed certain electrical inspectors as Examiners of Motion Picture Projectionists and these appointees have since acted as such. About January 22, 1948, respondents made application to the civil service commission for reinstatement and the civil service commission informed them it had no jurisdiction. A request for reconsideration was denied by the commission on May 5, 1948.

The answer admitted that respondents were certified, appointed and acted as Examiners of Motion Picture Projectionists as alleged in the petition; alleged that an ordinance of the city of Los Angeles provided for the employment of three motion picture projectionist examiners with a salary of $12.50 a meeting; admitted the adoption of the resolutions and the giving of the notice; denied that the board had discharged the respondents; alleged that the board had decided to conduct examinations itself and that it had done so since January 6, 1948.

On the hearing respondents moved for judgment on the pleadings. The motion was granted. The judgment directed the board to reinstate the respondents in their positions as Examiners of Projectionists. The court in the judgment

stated that, after hearing argument, it was of the opinion that the board may, as provided by section 96.08 of the Municipal Code (Ord. 77,000) either conduct any examination of an applicant for a license as a motion picture projectionist directly, or conduct any such examination through a committee of three persons, known as Examiners of Projectionists, appointed by the board under the provisions of the ordinances and charter of the city. The judgment recites "that the three petitioners were duly appointed and qualified from the classified Civil Service list of said city in March, 1934, to act as Examiners of Projectionists, that they acted in such capacities until January 5, 1948, and that the said Board of Building and Safety Commissioners then adopted a resolution purporting to dissolve said Committee of Examiners of Projectionists." The board appeals.

Appellant claims that (1) the judgment was error; (2) the judgment is erroneous because it is indefinite, uncertain and meaningless.

■ The claim that the judgment was error is predicated on the erroneous conclusion that it does not appear from the pleadings that the board had discharged or otherwise removed respondents. Appellants concede that "the court *might* thereupon have entered a declaratory judgment that the board's action of January 5, 1948, did not operate to discharge the respondents or otherwise to remove them from their positions." We think it clear that the trial court's interpretation of the resolution adopted by the board on January 5, 1948, was correct. We think a fair interpretation of this and the other resolutions and the notice from the board to respondents is that the latter were discharged from their positions. We understand appellants concede that if the trial court's interpretation of the resolution of January 5, 1948, was correct, the action of the board was improper and illegal. The judgment of reinstatement was therefore proper.

■ The contention that the judgment is indefinite, uncertain and meaningless, is without foundation. This contention appears to be based upon the fact that the judgment recites that under section 96.08 of the Municipal Code the board may conduct examinations of applicants for licenses as motion picture projectionists either directly or through a committee of three examiners. This fact did not warrant a denial of the petition. It is conceded that respondents are civil service employees and that they can only be discharged

from their positions in the manner provided by the charter. Until they are so discharged, they are legally entitled to hold their positions. The fact, if it is a fact, that examinations may be conducted by the board or by respondents, is not material. The fact, if it is a fact, that respondents will not be given any services to perform and that they will not receive any compensation, is not material. They are entitled to hold their positions until they are legally discharged. There is nothing to prevent the board from changing its policy as announced in its resolution of January 5, 1948, and to conduct examinations through respondents as was done from 1934 to 1948. The judgment is not indefinite or uncertain or meaningless. It is clear and unambiguous and requires the reinstatement of respondents.

Affirmed.

Shinn, P. J., and Wood, J., concurred.